UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEREK N. JARVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 17-1813 (EGS) |
| | ) |
| COMMISSIONER, | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Plaintiff Derek N. Jarvis brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, against the Commissioner of Social Security ("SSA"). This matter is before the court on Defendant's Motion to Dismiss [Docket No. 10]. For the reasons discussed below, the court grants the motion.

### I. BACKGROUND

Plaintiff submitted two FOIA requests to the SSA. The first he sent to SSA's office in Gwynn Oak, Maryland, seeking "all document(s) relating to, and pertaining to Derek N. Jarvis . . . as a result of [SSA's] rejecting [his] disability claims for (9) years, while mostly Caucasian Claimants receive disability from SSA for much lesser medical conditions[.]" Compl., Ex. (Letter to SSA from plaintiff dated December 23, 2016).

SSA notified plaintiff that his request properly should be directed to SSA's field office in Seabrook, Maryland because it "has the jurisdiction of his disability applications and application related records." Mem. of P. & A. in Support of Def.'s Mot. to Dismiss ("Def.'s Mem."), Ex. 4

1

("Chyn Decl.") ¶ 7; *see id.*, Ex. 1 (Letter to plaintiff from Mary Ann Zimmerman, Acting Privacy Officer, SSA, dated February 28, 2017).

"Even though [plaintiff] failed to address [his] request[] for information to the Seabrook, Maryland SSA address," SSA "prepared a copy of [its] electronic file on a CD for [plaintiff] and sent it to him via UPS on January 18, 2018[.]" *Id.*, Ex. 2 ("Cassetta Decl.") ¶ 4.

In his second FOIA request, plaintiff sought:

> information[] that establishes the percentage of blacks who are awarded and rejected disability benefits, and the percentage of whites who are awarded and rejected disability benefits, and in addition to that . . . any information regarding illegal immigrants awarded benefits

*Id.*, Ex. (Letter to SSA from plaintiff dated December 29, 2016). SSA informed plaintiff that it does "not keep records of disability awards and denials based on race or immigration status." Def.'s Mem., Ex. 3 (Letter to plaintiff from Monica Chyn, Acting Freedom of Information Officer, SSA, dated May 12, 2017); *see* Cassetta Decl. ¶ 4. SSA advised plaintiff of his right to challenge this determination by filing an administrative appeal in writing to the Executive Director for the Office of Privacy and Disclosure. Def.'s Mem., Ex. 3. SSA found "no indication that [plaintiff] filed an appeal of [its] responses to his December 23 and/or 29, 2016 FOIA request(s)." Chyn Decl. ¶ 9.

II. DISCUSSION

*A. Summary Judgment Standard*

A FOIA case typically and appropriately is decided on a motion for summary judgment. *See, e.g., Gold Anti-Trust Action Comm., Inc. v. Bd. of Governors of the Fed. Reserve Sys.*, 762 F. Supp. 2d 123, 130 (D.D.C. 2011) (citations omitted). Summary judgment is granted when

there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether a genuine issue of fact exists, the court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Under FOIA, all underlying facts and inferences are analyzed in the light most favorable to the FOIA requester; as such, only after an agency proves that it has fully discharged its FOIA obligations is summary judgment appropriate. *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1350 (D.C. Cir. 1983)).

In reviewing a motion for summary judgment under FOIA, the court conducts a de novo review of the record. *See* 5 U.S.C. § 552(a)(4)(B). The court may award summary judgment solely on the basis of information provided by the agency in an affidavit or declaration. *See Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). An agency's affidavit or declaration must be "relatively detailed and non-conclusory." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted). It is accorded a presumption of good faith, which cannot be rebutted by "purely speculative claims about the existence and discoverability of other documents." *Id*. (citing *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981) (per curiam)).

B. Exhaustion of Administrative Remedies

"An agency's disclosure obligations are not triggered . . . until it has received a proper FOIA request in compliance with its published regulations." *Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 26 (D.D.C. 2008) (citations omitted). It "cannot respond to a FOIA request it never received, and a plaintiff cannot maintain an action premised on a FOIA request he never submitted." *Burke v. U.S. Dep't of Justice*, __ F. Supp. 3d __, __, 2018 WL 1015340,

at *2 (D.D.C. Feb. 22, 2018). A requester's failure to comply both with the FOIA and with the agency's requirements "amounts to a failure to exhaust administrative remedies, which warrants dismissal." *Mitchell v. Samuels*, 160 F. Supp. 3d 8, 11 (D.D.C. 2016) (citing *Dale v. IRS*, 238 F. Supp. 2d 99, 102 (D.D.C. 2002)). "A FOIA plaintiff's failure to exhaust administrative remedies before filing a civil action is properly treated as a failure to state a claim upon which relief may be granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Saldana v. Fed. Bureau of Prisons*, 715 F. Supp. 2d 10, 18 (D.D.C. 2010) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003)). However, because the parties have submitted and the court has considered matters other than the pleadings, the court treats SSA's motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d), 56.

### C. December 23, 2016 FOIA Request[1]

SSA argues that the court "lacks subject matter over [p]laintiff's claim related to his December [23], 2016 request because he has not followed the proper procedures for obtaining" the information he requested. Def.'s Mem. at 5. Specifically, SSA contends that plaintiff's failure to send his request to its Seabrook, Maryland office and his failure to pursue an administrative appeal of SSA's response amount to a failure to exhaust administrative remedies. *Id*.

SSA regulations provide that a requester may send his FOIA request to the Deputy Executive Director for the Office of Public Disclosure, Office of the General Counsel. *See* 20

---

[1] According to SSA, it treats an individual's request for information about himself as a request under the Privacy Act, not FOIA. *See* Def.'s Mem. at 5 (citing 20 C.F.R. § 402.15(b)). Therefore, SSA argues, plaintiff fails to state a claim upon which relief can be granted under FOIA. *Id*. The court denies SSA's motion to dismiss on this basis. Neither of SSA's supporting declarations mentions the Privacy Act, *see* Chyn Decl. ¶¶ 6-7, or explains whether or how SSA's response would have differed if it had treated the requests under the Privacy Act as opposed to FOIA.

4

C.F.R. § 402.135.  He may appeal SSA's initial determination by submitting a written request for review to the Commissioner of Social Security.  *See* 20 C.F.R. § 402.200.  If the Commissioner affirms in whole or in part the denial of a FOIA request, the requester may seek judicial review in federal district court.  *See* 20 C.F.R. § 402.205.

SSA "recommend[ed] that [plaintiff] direct [his] inquiry to [his] local Social Security office" in Seabrook, Maryland.  Def.'s Mem., Ex. 1 at 1.  It neither cited a regulation nor explained in a declaration that a requester is *required* to direct a FOIA request to that location, or to any other local SSA office.  Nor did SSA's response provide instructions for filing an administrative appeal, as FOIA requires.  *See* 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa); *see also Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990).  Furthermore, plaintiff's failure to direct his request to the Seabrook, Maryland office did not dissuade SSA from providing a substantive response to the December 23, 2016 FOIA request: it sent plaintiff a copy of its electronic file in January 2018.  Because SSA does not establish plaintiff's failure to exhaust administrative remedies, the Court denies SSA's motion on this basis.

Nevertheless, the Court resolves this FOIA claim in SSA's favor.  It appears that the records SSA released to plaintiff in response to his December 23, 2016 FOIA request were medical records only.  "Plaintiff . . . never requested his medical records," Pl.'s Opp'n at 7, and instead reiterates his desire for statistical information, *see id*. at 2-3.  The court need not dwell over SSA's release of medical information of no interest to plaintiff, and therefore dismisses the claim pertaining to the December 23, 2016 FOIA request.

### D. December 29, 2016 FOIA Request

With respect to plaintiff's December 29, 2016 FOIA request, SSA argues that plaintiff failed to exhaust his administrative remedies by pursuing an administrative appeal prior to filing

5

this lawsuit. Def.'s Mem. at 6. Plaintiff responds that he constructively exhausted his administrative remedies due to SSA's failure to respond timely to his FOIA request. Pl.'s Opp'n at 6. Plaintiff is mistaken.

Ordinarily, an agency is obligated to respond to a request within 20 working days. *See* 5 U.S.C. § 552(a)(6)(A)(i). If the agency fails to make a timely determination, the requester constructively exhausts his administrative remedies and may seek judicial review without first having to pursue an administrative appeal. 5 U.S.C. § 552(a)(6)(C); *see Pollack v. Dep't of Justice*, 49 F.3d 115, 118-19 (4th Cir.), *cert. denied*, 516 U.S. 843 (1995); *Waldner v. U.S. Dep't of Justice*, 981 F. Supp. 2d 14, 16-17 (D.D.C. 2013), *aff'd*, No. 13-5350, 2014 WL 3014045 (D.C. Cir. June 4, 2014) (per curiam). If, however, the agency makes its determination after 20 working days have passed, but before the requester files his lawsuit, the requester's right to immediate judicial review lapses. In this circumstance, the requester must administratively appeal the denial of his FOIA request and wait the requisite 20 working days for the agency to adjudicate the appeal, *see* 5 U.S.C. § 552(a)(6)(A)(ii), before filing a lawsuit, *see Oglesby*, 920 F.2d at 61.

SSA responded to plaintiff's FOIA request on May 12, 2017, more than 20 working days after its receipt of the December 29, 2017 request. Plaintiff filed his lawsuit on August 28, 2017, yet in the interim, he did not file an administrative appeal of SSA's determination. SSA has demonstrated that plaintiff failed to exhaust his administrative remedies, and, therefore, the court grants its motion for summary judgment.

In the alternative, SSA argues that plaintiff fails to state a claim upon which relief can be granted under FOIA because SSA "does not keep records of disability awards and denials based on race or immigration status. Def.'s Mem. at 6. The Court's jurisdiction under the FOIA "is

dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). Agency records are materials an agency creates or obtains, and controls, at the time it receives a FOIA request. *See U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989). SSA demonstrates that it does not maintain records broken down by race or immigration status, *see* Chyn Decl. ¶ 8; Cassetta Decl. ¶ 4, and its purported failure to disclose them is not an improper withholding of agency records, *see James v. U.S. Secret Serv.*, 811 F. Supp. 2d 351, 357-58 (D.D.C. 2011) ("An agency does not control a record which has been destroyed . . . and it is under no obligation to obtain a duplicate of or to re-create a record in order to fulfill a FOIA request."), *aff'd*, No. 11-5299, 2012 WL 1935828 (D.C. Cir. 2012) (per curiam), *cert. denied*, 568 U.S. 1147 (2013); *Carson v. U.S. Office of Special Counsel*, 534 F. Supp. 2d 99, 103 (D.D.C. 2008) ("[P]laintiff's request that this Court order the defendant to create records or to render opinions that plaintiff thinks defendant is required to create or render is not cognizable under the FOIA.").

### III. CONCLUSION

SSA demonstrates that no genuine issue of material fact is disputed with regard to its compliance with FOIA, and that it is entitled to judgment as a matter of law. Therefore, the court grants its motion for summary judgment. An Order is issued separately.

Signed:      EMMET G. SULLIVAN
                     United States District Judge
                     April 23, 2018